UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S. BERTRAM, INC.,

           Plaintiff,

v.

CITIZENS INSURANCE COMPANY OF
AMERICA,

           Defendant.

_____/

Case No. 14-14241

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16] AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17]

Plaintiff alleges that Defendant breached an insurance contract by refusing to defend Plaintiff in an earlier lawsuit in this Court. The parties have both moved for summary judgment. A hearing on the parties' motions is scheduled for December 1, 2015. However, the Court now concludes that the motions are suitable for determination without a hearing in accord with Local Rule 7.1(f)(2). For the reasons stated below, Defendant's Motion for Summary Judgment [Dkt. #16] is **GRANTED** and Plaintiff's Motion for Summary Judgment [17] is **DENIED**.

1

## Factual Background

Plaintiff formerly used an Eden Quality Products label on its food products. In 2012, Plaintiff recalled an apple juice product due to high arsenic content. Later that year, Plaintiff was sued in this Court by Eden Foods, Inc., which had registered "Eden" as a trademark in relation to food products. Eden Foods brought claims for trademark infringement, unfair competition, trade name infringement, and trademark dilution by tarnishment. Eden Foods alleged that Plaintiff's use of the Eden Quality Products label had caused consumers to confuse Plaintiff for Eden Foods and vice versa. It further alleged that this confusion had harmed the reputation of its mark because consumers mistakenly attributed the recalled apple juice to Eden Foods.

Plaintiff asked Defendant to defend and indemnify it pursuant to the parties' commercial general liability insurance contract. Defendant refused. Plaintiff ultimately reached a settlement agreement with Eden Foods, pursuant to which Plaintiff stopped using the Eden Quality Products label. On November 4, 2014, Plaintiff brought the instant suit against Defendant for breach of the insurance contract. On July 1, 2015, the parties filed Motions for Summary Judgment [16, 17]. They filed Responses [19, 20] on August 3, 2015, and Replies [21, 22] on August 17, 2015.

2

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties dispute whether Plaintiff's breach of contract claim is governed by New Jersey or Michigan law. However, the parties agree that the choice of law has practical effect only with respect to available remedies. They agree that the choice between New Jersey and Michigan law is not dispositive of the issue of whether the Eden Foods suit was covered by the contract. The Court concludes

3

that Defendant is entitled to summary judgment because the parties' insurance contract, interpreted under either New Jersey or Michigan law, did not cover the suit brought by Eden Foods. The Court therefore declines to resolve the choice of law issue.

The contract imposed a duty on Defendant to defend Plaintiff from any suit seeking damages for "personal and advertising injury," subject to several exclusions. The contract excluded personal and advertising injury "arising out of the infringement of … trademark … or other intellectual property rights." This exclusion did not apply to infringement of trade dress. The Court concludes that the Eden Foods suit fell within this exclusion.

Plaintiff argues that the exclusion did not apply because the Eden Foods suit raised the possibility of liability for trade dress infringement. The Court disagrees. Trade dress "involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Groeneveld Transport Efficiency, Inc. v. Lubecore Intern., Inc*., 730 F.3d 494, 503 (6th Cir. 2013) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc*., 280 F.3d 619, 629 (6th Cir. 2002)). Eden Foods never alleged visual similarity between its products and Plaintiff's. Indeed, it mentioned no visual feature of its products aside from a fern design—and did not allege that

4

the fern design resembled any visual feature of Plaintiff's products. Even in its discovery responses, Eden Foods alleged no similarity other than use of the printed word "Eden."

It is true that printed words are visible and thus, when affixed to a product, become part of the product's "look." The printing of the same word on two products necessarily establishes *some* degree of visual similarity. Conceivably, then, any plaintiff alleging that its trademark was infringed when the mark was printed on another's product could recast that claim as a claim for trade dress infringement. This is not a philosophical dispute, however, but a contractual one. The language of the parties' contract manifests an intent to deny coverage to trademark infringement claims. That intent would be defeated if the trade dress coverage were interpreted to extend to *any* trademark claim involving the visible printing of the allegedly infringing mark. The Court cannot interpret the contract in a manner that defeats the intent it manifests. *See Stone v. Auto-Owners Ins. Co.*, 307 Mich. App. 169, 174 (Mich. Ct. App. 2014) ("The primary goal in the construction or interpretation of any contract is to honor the intent of the parties.") (quoting *Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459, 473 (Mich. 2003)); *Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.*, 168 N.J. 124, 135 (N.J. 2001) (acknowledging that "the intent expressed or apparent in

5

the writing" controls contractual interpretation) (quoting *Quigley v. KPMG Peat Marwick, LLP*, 330 N.J. Super. 252, 266 (N.J. Super. Ct. App. Div. 2000)).

Plaintiff also argues that no exclusion applied because the Eden Foods suit raised the possibility of liability for "disparagement."  The parties' contract defined "personal and advertising injury" to include injury arising out the publication of material that "disparages a person's or organization's goods, products or services." Plaintiff argues that Eden Foods sought damages for such injury because it alleged that the reputation of its mark was harmed by consumers mistakenly attributing Plaintiff's recalled apple juice to Eden Foods.  However, Eden Foods did not allege that publication of the recall notice communicated anything (disparaging or not) about Eden Foods, either directly or by implication.  Instead, it alleged that consumer knowledge of the recall harmed Plaintiff's reputation, and that harm to Plaintiff's reputation necessarily harmed its own reputation because, due to the alleged trademark infringement, consumers thought they were the same entity. Though Plaintiff sought damages for reputational harm, its allegations raised no possibility that it would seek damages for the publication of material that disparaged its goods.  The contract's disparagement provision did not apply.

The Eden Foods suit was a fairly typical trademark infringement claim that happened to allege reputational harm arising out of the trademark infringement.

6

Plaintiff could have negotiated for a contract covering trademark infringement claims and/or claims for reputational harm of any source. The parties' actual contract, however, did not provide for such coverage, and in fact specifically excluded coverage for trademark infringement claims. No reasonable jury could conclude that Defendant breached the contract by refusing to defend Plaintiff in the Eden Foods suit. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [16] is **GRANTED**. Plaintiff's Motion for Summary Judgment [17] is **DENIED**.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: November 20, 2015                Senior United States District Judge